IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY-LEAVENWORTH DIVISION

| | |
|---|---|
| **GEICO GENERAL INSURANCE COMPANY,** | ) ) ) |
| and | ) ) |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) ) ) |
| Plaintiffs, | ) Case No.: 21-cv-02164-DDC-ADM |
| v. | ) ) ) |
| **M.O.,** | ) ) |
| and | ) ) |
| **M.B.,** | ) ) |
| Defendants. | ) ) |

## DEFENDANT M.O.'S AMENDED MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW Defendant, M.O., by and through her counsel of record, pursuant to Fed. R. Civ. P. 12 (b)(2) and D. Kan. L.R. 7.1(a), and submits this Memorandum in Support of her Motion to Dismiss GEICO's Amended Complaint for Lack of Personal Jurisdiction, and as grounds would show as follows:

### INTRODUCTION

1.  This is an action for declaratory relief filed by GEICO to determine the parties' rights and obligations under an automobile insurance policy (the "Auto Policy") issued by GEICO General Insurance Company and umbrella insurance policies (the "Umbrella Policy") issued by Government Employees Insurance Company (collectively, the "Policies") to M.B.

1

2. Pursuant to agreement with GEICO counsel under Fed. R. Civ. P. 4(d), service of GEICO'S Amended Complaint for Declaratory Relief was made upon Defendant M.O. on April 15, 2021. Under Rule 4(d), Defendant M.O. was required to file and serve her answer, or a motion under Rule 12, within 60 days from April 15, 2021, or on before June 14, 2021. As such, this Motion is timely filed.

3. GEICO seeks a declaration under both the Auto Policy and the Umbrella policy. However, Counsel for Defendant M.O notified counsel for GEICO on April 16, 2021 (via electronic mail) Defendant M.O.'s position that (1) she is only seeking coverage for acts that took place in Missouri, and (2) only the Auto Policy provides coverage for the harms and losses suffered by her, while the Umbrella Policy does not provide coverage for M.O.'s claims against M.B. *See* Ex. A, email from David Mayer to Clark Richardson.

4. This motion to dismiss for lack of personal jurisdiction is proper because (1) M.O. is only seeking coverage for acts that solely occurred in Missouri, (2) M.O.'s actions do not fall within any provision of the Kansas' long-arm statute and (3) M.O.'s actions do not create sufficient minimum contacts with Kansas to justify the Court's exercise of personal jurisdiction.

## **ARGUMENTS AND AUTHORITIES**

5. In analyzing a motion to dismiss for lack of personal jurisdiction, the court must conduct a two-part inquiry. *See Kansas Food Packers, Inc. v. Corpak, Inc.*, 2000 WL 725803 (Dr. Kan. 2000). First, it must determine if the defendant's conduct falls within one of the provisions of the forum state's long arm statute, which in this case is K.S.A. § 60–308(b). *Id.* Second, the court must determine whether the defendants had sufficient "minimum contacts" with the forum state to satisfy the constitutional guarantee of due process. *Id.*

6.	The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process; therefore, the court proceeds directly to the constitutional analysis. *See Loeffelbein v. Rare Medium Group*, 2004 WL 957832, * 1-2 (D. Kan. 2004). Under the due process analysis, the "constitutional touchstone" is "whether the defendant purposely established 'minimum contacts' in the forum state."

7.	Consistent with due process, specific jurisdiction may be conferred over a nonresident defendant where the court's exercise of jurisdiction directly arises from a defendant's forum-related activities. *See Loeffelbein*, at *2. To determine whether specific jurisdiction is appropriate, the court must first decide whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1979). Second, the court must consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

8.	Although GEICO's Amended Complaint contains various allegations regarding personal jurisdiction, such allegations are either false and/or inaccurate statements regarding Defendant M.O.'s contacts with Kansas, as well as the location concerning *where "*a substantial part of the events or omissions giving rise to the claim occurred", and as such, are insufficient to warrant this Court's exercise of personal jurisdiction over Defendant M.O. *See CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, 2014 WL 4059761 (Dr. Kan. 2014).

9.	Prior to litigation, M.O. presented GEICO with opportunities to resolve her claims within the applicable policy limits of the Auto Policy held by its insured, M.B. *See* e.g., ECF Doc. No. 4, ¶ 14. GEICO denied, and continues to deny, that the Auto Policy affords coverage for

3

M.O.'s claims against M.B. On April 15, 2021, counsel for M.O. was notified by GEICO legal counsel that it had filed the present declaratory judgment action.

10. Then, on May 25, 2021, M.O. filed a Petition for Damages against M.B. in the Circuit Court of Jackson County, Missouri, Case No. 2116-CV11283. A copy of the filed Petition is attached as Ex. "B".

11. In her Missouri lawsuit, M.O. sets forth the factual bases giving rise to her claims against GEICO's insured, M.B. *See* Ex. B.

    a. Specifically, M.O. alleges that jurisdiction and venue are proper in Jackson County, Missouri because that is situs of where "she was first injured" when M.B. engaged in unprotected sexual activities with her in his 2014 Hyundai Genesis car.

    b. M.O. further alleges, and it is undisputed by GEICO, that she a resident of Missouri.

    c. M.O. alleges sexual activity between her and M.B. while in M.B.'s car in the state of Missouri. M.O. makes no allegations of sexual activity, or any activity whatsoever, occurring in Kansas, including M.B.'s Kansas home.

*See* Ex. B, ¶¶ 3-8.

12. Further, when GEICO counsel first notified counsel for M.O. via electronic email that it had initiated legal action, counsel for M.O. responded the next day as follows:

> We would have been happy to discuss this matter with you prior to filing a lawsuit. We just became aware of you initiating legal action and you never tried to reach out to us.
>
> Our position is that [M.B.] transmitted HPV to our client when they first began to perform sexual activities [M.B.'s] automobile in Nov and Dec of 2017. We believe the underlying GEICO policy provides coverage. The sexual activity took place in Missouri.

4

> We do not believe that the umbrella policy applies so not sure why you added the umbrella policy to your lawsuit.
>
> Happy to discuss this with you.

*See* Ex. A.

13. Defendant M.O. is solely seeking insurance coverage for the sexual acts that were performed in M.B.'s automobile while in the state of Missouri.

14. Defendant M.O. has not engaged in any acts falling within the Kansas long-arm statute and has no minimum contacts with Kansas such that she "should reasonably anticipate being haled into court there." *See World–Wide Volkswagen Corp.* 444 U.S. at 297. Rather, GEICO is attempting to sue M.O. in a foreign jurisdiction solely as a result of the unilateral activity of another party. *See Loeffelbein*, at *2 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310) (explaining that the purposeful availment requirement ensures that a defendant will not be sued in a foreign jurisdiction solely as a result of the unilateral activity of another party).

15. As such, the exercise of jurisdiction over this Missouri defendant would not comport with the notions of fair play and substantial justice. GEICO has failed to make prima facie showing of jurisdictional facts, and as such it would be improper for this Court to grant the relief requested, as the Court lacks personal jurisdiction over Defendant M.O. Therefore, based on the above, this honorable Court should grant Defendant M.O.'s Motion to Dismiss for Lack of Personal Jurisdiction.

## **CONCLUSION**

WHEREFORE, Defendant, M.O. requests this Court grant her Motion to Dismiss GEICO's Amended Complaint for Declaratory Judgment for Lack of Personal Jurisdiction and grant such further relief as the court deems equitable and just under the circumstances.

Respectfully Submitted,

**MONSEES & MAYER, P.C.**
A Professional Corporation

BY /s/ Phillip R. Martens
DAVID M. MAYER, #15880
PHILLIP R. MARTENS, #27386
4717 Grand, Suite 820
Kansas City, Missouri 64112
dmayer@monseesmayer.com
rmartens@monseesmayer.com
(816) 361-5555
(816) 361-5577 FAX

**ATTORNEYS FOR DEFENDANT M.O.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of June, 2021, a true and correct copy of the foregoing was electronically filed with the clerk of the court by using the U.S. District Court Electronic filing system which will send notification to the following counsel of record and that the fully executed document is maintained in the attorney's file:

W. Clark Richardson
Douglas S. Beck
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816-474-6550
Facsimile: 816-421-5547
dbeck@shb.com
wrichardson@shb.com

**Attorneys for Plaintiffs**

*/s/ Phillip R. Martens*
PHILLIP R. MARTENS

6