## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| M.O., <br><br>  Plaintiff, <br> v. <br><br> M.B. <br><br>  Defendant, <br><br> and <br><br> GEICO GENERAL INSURANCE COMPANY <br><br> and <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY <br><br>  Intervenors. | Case No. 2116-CV11283 <br> Division 7 <br><br> Oral Argument Requested |

### GEICO GENERAL INSURANCE COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND SUGGESTIONS IN SUPPORT

Pursuant to Missouri Supreme Court Rule 55.26, Intervenors GEICO General Insurance Company and Government Employees Insurance Company (collectively, "GEICO"), move for an order recognizing GEICO's right to conduct discovery.

### ARGUMENT

Plaintiff M.O. notified GEICO of a § 537.065 agreement between herself and purported-insured Defendant M.B. on May 24, and filed this present action against M.B. the next day. GEICO then moved to intervene under § 537.065 and Supreme Court Rule 52.12 on June 18, to protect its interests, which would otherwise go undefended.

EXHIBIT B

This Court granted GEICO's motion to intervene on July 2, 2021. Upon intervention GEICO became a "party to the lawsuit with the same rights of any other party." *Knight by and Through Knight v. Knight*, 609 S.W.3d 813, 824 (Mo. App. 2020). Parties to litigation "may obtain discovery" through any means permitted by Missouri's Supreme Court Rules. Mo. Sup. Ct. R. § 56.01.

Both the Supreme Court and the Western District Court of Appeals have made it clear that an intervenor, including under § 537.065.2, has the same procedural rights as other parties. *Knight*, 609 S.W.3d at 820 (recognizing insurer-intervenor's right to appeal a judgment against its purported insured); *State ex rel. Country Mut. Ins. Co. v. May*, 620 S.W.3d 96 (Mo. 2021) (recognizing insurer-intervenor's right to apply for change of judge). This includes the right to conduct discovery. As the Western District recently explained in *Rasmussen v. Ill. Cas. Co.*:

> After being allowed to intervene, [the insurer] became a party to the lawsuit with the same rights of any other party, ***including the right to conduct discovery***. A trial court ***does not have discretion to deny discovery*** of matters that are relevant to a lawsuit and are reasonably calculated to lead to the discovery of admissible evidence, unless such matters are work product or privileged.

2021 WL 242793 (Mo. App. 2021) (emphasis added and citations omitted).[1]

Missouri law unequivocally permits intervenors to conduct discovery. *See Martin v. Busch*, 306 S.W.3d 854, 858 n.5 (Mo. App. 2011) ("Having been permitted to become a party in order to better protect his interest, an intervenor is allowed to set up his own affirmative cause or defense appropriate to the case and his intervention.").

The discovery GEICO seeks includes, but is not limited to:

- Testimony and evidence provided at the arbitration, *see* Add. & Aff. Def. ¶¶ 22-24, 27, 28, 30, 31 of GEICO's Ans. & Aff. Def.;

---

[1] The Court's July 2 judgment confirming the arbitration award denied GEICO its right to conduct discovery. As such, the confirmation of the arbitration award was a clear legal error. *Id.*

2

- Statements and communications made between parties to the arbitration and the arbitrator, *see id.* at ¶¶ 17-24, 27, 28;

- Statements and communications between M.B. and his physician regarding the arbitration, the § 537.065 agreement, HPV and throat cancer and relating thereto, *see id. at ¶* 27.;

- Statements and communications between M.B. and M.O. regarding HPV and throat cancer and relating thereto, *see id.* at ¶¶ 13, 27;

- Statements, communications, and information relating to M.O.'s other sexual partners, if any, *see id* at ¶¶ 13, 27;

- Statements, communications, and information relating to sexual encounters between M.O. and M.B. occurring outside M.B.'s vehicle, *see id.* at ¶¶ 13, 27;

- A copy of the § 537.065 agreement and all non-privileged discussions leading thereto, *see id.* at ¶¶ 15-17, 19, 27, 28;

- Statements and communications made by M.B. to other insurance providers, *see id.* at ¶¶ 27.

This discovery is necessary for fairly determining whether and to what extent M.B. is liable and relates directly to GEICO's numerous affirmative defenses set forth in its Answer, including defenses to the confirmation of the arbitration award, and thus has a direct impact on GEICO's interests.

**WHEREFORE**, GEICO respectfully requests the Court to enter an order recognizing GEICO's right to conduct discovery as Missouri law requires, along with any further relief as may be consistent with this motion and as may be just and proper.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

*/s/ Douglas S. Beck*
Douglas S. Beck, MO #49984
Sarah Lynn Baltzell, MO #60937
W. Clark Richardson, MO #66948
Michael T. Hayes, MO #71922

3

2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile:  (816) 421-5547
dbeck@shb.com
slynn@shb.com
wrichardson@shb.com
mhayes@shb.com
*Attorney for Intervenors*
*GEICO General Insurance Company*
*and Government Employees Insurance*
*Company*

4

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing was filed and served via the Court's electronic filing system on July 30, 2021, on all counsel of record, including:

MONSEES & MAYER, P.C.
David M. Mayer, MO #15880
Phillip R. Martens, MO #27386
4717 Grand Ave., Suite 820
Kansas City, MO 64112
Telephone: 816-361-5555
Facsimile:  816-361-5577
dmayer@monseesmayer.com
rmartens@monseesmayer.com
*Attorneys for Plaintiff M.O.*


EVANS & DIXON, L.L.C.
Brian J. Niceswanger
Stephanie A. Preut
82 Corporate Woods, Suite 900
10851 Mastin Blvd.,
Overland Park, KS 66210
Telephone: 913-701-6810
Facsimile:  913-341-2293
KCCivilLit@evans-dixon.com
*Attorneys for Defendant M.B.in*
*D.Kan. Declaratory Action*


           */s/ Douglas S. Beck*
          *Attorney for Intervenors*
          *GEICO General Insurance Company and*
          *Government Employees Insurance Company*