# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY-LEAVENWORTH DIVISION

| | | |
|---|---|---|
| **GEICO GENERAL INSURANCE COMPANY,** | ) ) ) | |
| and | ) ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **Case No. 2:21-cv-02164-DDC-ADM** |
| **MARTIN BRAUNER,** | ) ) | |
| Defendant. | ) ) | |
| AND | ) ) | |
| **MARTIN BRAUNER,** | ) ) | |
| Counter-plaintiff, | ) ) | |
| v. | ) ) | |
| **GEICO GENERAL INSURANCE COMPANY,** | ) ) ) | |
| and | ) ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) ) ) ) | |
| Counter-defendants, | ) | |

**GEICO GENERAL INSURANCE COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO COMPEL BRAUNER'S PRODUCTION OF THE RSMO. SECTION 537.065 AGREEMENT**

Plaintiffs/Counter-claim Defendants GEICO General Insurance Company and Government Employees Insurance Company (collectively "GEICO"), move this Court for an order requiring Defendant/Counter-claim Plaintiff Brauner to produce the subject RSMo. Section 537.065 agreement he allegedly entered with claimant M.O. related to her subject liability claim (the "537.065 Agreement"). In further support of the instant Unopposed Motion, GEICO states as follows:

By its First Request for Production No. 2, GEICO requested the 537.065 Agreement. Brauner objected on the grounds that by that agreement's terms, a court order is required for its production. (*See* Brauner Resp. to GEICO First RFP No. 2, attached hereto as **Exhibit A**.) During the discovery conference of November 17, 2021, Brauner, through counsel, assented to the Court's recommendation that GEICO file the instant Unopposed Motion seeking production of the 537.065 Agreement.

And the 537.065 Agreement is otherwise relevant and discoverable. Brauner has alleged that "a settlement of M.O.'s claims was entered into on March 15, 2021." (Brauner Nov. 10, 2021 Counter-claim, Dkt. 59 at 9, ¶ 9.) GEICO is entitled to the 537.065 Agreement at a minimum to confirm that Brauner has neither assigned nor promised to assign to M.O. all or part of his alleged counter-claims, including for "bad faith." The 537.065 Agreement is, therefore, reasonably calculated to relate to GEICO's affirmative defenses to Brauner's counter-claims (including for bad faith).

WHEREFORE, GEICO respectfully requests this Court enter an order that requires Brauner to promptly produce, by the following business day after the entry of this Court's order, the 537.065 Agreement and further affords GEICO other and further relief as is just and proper.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ W. Clark Richardson
Douglas S. Beck, #70743
W. Clark Richardson, #27740
2555 Grand Boulevard
Kansas City, Missouri  64108-2613
Telephone:  816-474-6550
Facsimile:   816-421-5547
dbeck@shb.com
wrichardson@shb.com
*Attorneys for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 18th day of November, 2021, it served the above via operation of this Court's electronic case notification system to all counsel of record.

/s/ W. Clark Richardson
*Attorneys for Plaintiffs/Counter-Defendants*