**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY-LEAVENWORTH DIVISION**

| | | |
|---|---|---|
| **GEICO GENERAL INSURANCE COMPANY,** | ) ) ) | |
| and | ) ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Case No. 2:21-cv-02164-DDC-ADM** |
| **MARTIN BRAUNER,** | ) ) | |
| Defendants. | ) ) | |
| AND | ) ) | |
| **MARTIN BRAUNER** | ) ) | |
| Counter-plaintiff, | ) ) | |
| v. | ) ) | |
| **GEICO GENERAL INSURANCE COMPANY,** | ) ) ) | |
| and | ) ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) ) ) ) | |
| Counter-defendants, | ) | |

## GEICO GENERAL INSURANCE COMPANY, GOVERNMENT EMPLOYEES INSURANCE COMPANY, AND MARTIN BRAUNER'S MEMORANDUM IN SUPPORT OF THEIR JOINT UNOPPOSED MOTION TO TRANSFER

Plaintiffs/Counter-defendants GEICO General Insurance Company and Government Employees Insurance Company (collectively "GEICO") and Defendant/Counter-plaintiff Martin Brauner jointly move for change of venue under 28 U.S.C. § 1404(a) to the United States District Court for the District of Western Missouri (Kansas City – Western Division), pursuant to a joint agreement of GEICO, Brauner, and M.O. (a former defendant in this case dismissed by this Court for lack of personal jurisdiction)  *See* Transfer Agt., attached hereto as **Exhibit 1** (the "Agreement").  As the instant request is jointly made, it is, therefore, unopposed.

## INTRODUCTION

GEICO issued an auto insurance policy (the "Auto Policy") to Martin Brauner ("Brauner"). Following alleged unprotected sexual activity with Brauner, a woman ("M.O.") allegedly contracted anogenital human papillomavirus (HPV) from him. M.O. then demanded $1 million from GEICO, seeking liability insurance benefits under Brauner's Auto Policy to satisfy her demand. GEICO maintained, and continues to maintain, that the Auto Policy does not cover M.O.'s purported injuries. As such, GEICO commenced this lawsuit, seeking a judicial determination that it owed no coverage under the Policy for M.O.'s subject liability claim against Brauner. GEICO named both Brauner and M.O. as defendants. GEICO chose the United States District Court for the District of Kansas as the forum, as the parties are diverse under 28 U.S.C. § 1332, the at-issue insurance policy is a Kansas Auto Policy, Brauner is a Kansan, the insured risk automobile is located in Kansas, and some of the actions alleged by M.O. allegedly occurred in Kansas.

However, certain events transpired after the filing of this case that led the parties to jointly agree to seek transfer of this case to the Western District of Missouri. First, this Court determined that it lacked personal jurisdiction over M.O. and dismissed her from the case. (Dkt. 52, Oct. 20, 2021 Or.) Second, after GEICO initiated this suit in Kansas, M.O. and Brauner arbitrated the underlying liability tort claim and sought confirmation of that arbitration award in Missouri. Third, M.O. filed a separate equitable garnishment lawsuit against GEICO in Missouri.

After these events occurred, Brauner, GEICO, and M.O. reached an agreement to seek resolution of all coverage, extra-contractual/bad faith, and garnishment issues in one court: pursuant to that agreement, Brauner and GEICO agreed to jointly request to transfer this case for consolidated proceedings before the United States District Court for the Western District of Missouri, and Brauner and M.O. agree to bring any claims relevant to coverage, bad faith, and/or equitable garnishment in that single action only. *See* Agreement. As explained below, pursuant to that Agreement, GEICO and Brauner now seek transfer of this case to the Western District of Missouri.

## **ARGUMENT**

Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, the parties have jointly agreed to move to transfer this case to the Western District of Missouri to facilitate the bringing of this and all related claims in a single forum without further motion practice, and the Western District of Missouri has jurisdiction over both Brauner and M.O.

3

**I.  Pursuant to the parties' Agreement, the assented-to transfer to the Western District of Missouri will be convenient for the parties.**

In this case, in light of the parties' Agreement, transfer to the Western District of Missouri is justified.

First, and as noted below, there is undoubtedly personal jurisdiction over M.O. in the Western District of Missouri, and she agrees to be made a party to this lawsuit upon transfer.[1]

Second, M.O. already filed a separate equitable garnishment action under RSMo. § 379.200 against GEICO in Jackson County, Missouri. Case No. 2116-CV27154 (Mo. 16th Jud. Cir.). In the event this Court transfers this action, M.O. has agreed to dismiss her pending Missouri equitable garnishment action and, upon being joined in this case after transfer, bring her equitable garnishment action as a counter-claim in this case. *See* Agreement. Transfer thus avoids motion practice over a potential stay of this action or that one, or the abstention doctrine.

Finally, one of the chief factors tilting towards denial of a motion to transfer is the Plaintiff's choice of forum. *See Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir. 1992) (giving considerable weight to plaintiff's choice of forum). While that factor might be material or even dispositive in the absence of the Agreement, here GEICO has agreed to transfer this case to the Western District of Missouri. Transfer is, therefore, warranted.

**II.  The Western District of Missouri has personal jurisdiction over all defendants.**

For transfer under § 1404(a), the transferee court must have jurisdiction over the defendants, even if they consent to suit there. *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Here, there is no question there is personal jurisdiction over Brauner (and indeed, former party M.O.) in Missouri. M.O. resides in and is a citizen of Missouri.

---

[1] GEICO still maintains that, in the event that this Court does not transfer this case, this Court can render a coverage decision with operative effect against M.O. in any subsequent equitable garnishment action. That issue may not be necessary to address upon transfer of this case, given the terms of the Agreement.

(Dkt. 52, Oct. 20, 2021 Or. at 3.) According to M.O.'s allegations in the underlying arbitration confirmation action, Brauner's purportedly tortious acts allegedly occurred at least in part in Missouri. (Dkt. 20, M.O. Mem. in Supp. of Motn. to Dismiss at 5.); *see also* RSMo. § 506.500 ("Any person . . . who in person . . . does any of the acts enumerated in this section, thereby submits such person . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts: . . . (2) [t]he commission of a tortious act within this state."); *Bryant v. Smith Int. Design. Grp., Inc.*, 310 S.W.3d 227, 232 (Mo. 2010) ("Section 506.500 is construed to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process clause." (internal quotations omitted)). And M.B. and M.O. have further submitted to the personal jurisdiction of Missouri courts as to causes of action arising out of their alleged sexual relationship by arbitrating M.O.'s claim against M.B. and seeking a Missouri circuit court's judicial confirmation of the purported ensuing arbitration award. As such, the Western District of Missouri has jurisdiction over both defendants, making transfer proper. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (explaining that a federal court in a diversity suit has personal jurisdiction if authorized by the forum state's long-arm statute and due process).[2]

WHEREFORE, GEICO and Brauner jointly request this Court transfer this entire action to the United States District Court for the Western District of Missouri (Kansas City – Western Division), and such other and further relief as the Court deems just and proper.

---

[2] As the instant request is joint and unopposed, the parties have aimed to keep this Motion brief. Should this Court be disinclined to grant this Motion for any reason, the Parties request an opportunity for supplemental briefing.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ W. Clark Richardson*
Douglas S. Beck, #70743
W. Clark Richardson, #27740
2555 Grand Boulevard
Kansas City, Missouri  64108-2613
Telephone:  816-474-6550
Facsimile:   816-421-5547
dbeck@shb.com
wrichardson@shb.com
*Attorneys for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 4th day of February, 2022, GEICO served the foregoing to all counsel of record by operation of this Court's electronic case notification system.

*/s/ W. Clark Richardson*