IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GEICO GENERAL INSURANCE COMPANY,<br><br>and<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>      Plaintiffs,<br><br>v.<br><br>MARTIN BRAUNER,<br><br>      Defendant.<br><br>AND<br><br>MARTIN BRAUNER,<br><br>      Counter-Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>and<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>      Counter-Defendants. | Case No. 21-2164-DDC-ADM |

## MEMORANDUM AND ORDER

      This isn't the typical insurance coverage dispute. Following alleged unprotected sexual activity with defendant Martin Brauner in his car, a Missouri woman—M.O.—allegedly

contracted anogenital human papillomavirus (HPV) from him.[1]  M.O. then demanded $1 million in damages under Brauner's Kansas Auto Insurance Policy issued by plaintiffs Geico General Insurance Company and Government Employees Insurance Company (collectively, "GEICO"). GEICO brought this declaratory judgment action against defendant Brauner and M.O., seeking a declaration of no coverage for M.O.'s alleged injuries.  GEICO brought the action in our court because Brauner is a Kansas resident, the at-issue insurance policy is a Kansas Auto Policy, and some of the alleged actions that led to the underlying tort claim took place in Kansas.

But several events things have happened since GEICO filed this action and they make Kansas less than an ideal venue for this suit.  Here in Kansas, the court dismissed M.O. from this case for lack of personal jurisdiction.  *See* Doc. 52.  And over in Missouri, three things have happened:  (1) M.O. secured a $5.2 million award after arbitrating her underlying tort claim against Brauner; (2) a Missouri state court has confirmed that award; and (3) M.O. has filed a separate equitable garnishment lawsuit against GEICO in Missouri state court.  Thus, understandably, the parties now have filed a Joint Unopposed Motion to Transfer Venue (Doc. 91) to the United States District Court for the Western District of Missouri under 28 U.S.C. § 1404(a).  For reasons explained below, the court grants the motion and transfers this case to the Western District of Missouri.

Section 1404(a) of Title 28 provides:  "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

---

[1]     The court uses M.O.'s initials even though it uses Brauner's full name.  That's because of a complicated procedural history where:  (1) GEICO used initials for both Brauner and M.O. when it filed this suit; (2) Magistrate Judge Angel D. Mitchell denied Brauner and M.O.'s request to proceed anonymously in this case, pending this court's resolution of M.O.'s motion to dismiss for lack of personal jurisdiction, *see* Doc. 49; and (3) after the court granted M.O.'s motion and dismissed her from the case, GEICO identified only Brauner's identity, as he was the only defendant in the case.

2

consented." District courts have broad discretion under § 1404(a) to adjudicate motions to transfer based on a case-by-case review of convenience and fairness. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). The statute's purpose is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation cleaned up). The factors a district court should consider when deciding whether to transfer an action under 28 U.S.C. § 1404(a) include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; . . . and . . . all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516).

Here, both parties consent to transferring the action to the Western District of Missouri. Their joint motion asserts that transfer is the most efficient course, it's more convenient for the parties, and that no factor weighs against transfer. The court agrees. The parties represent that M.O. has agreed to join this suit as a defendant after transfer and has agreed to dismiss her pending equitable garnishment action in Missouri state court. She has agreed to bring that action as a counterclaim in this case after transfer. Transfer thus would consolidate all claims in this case into one action, promoting judicial efficiency, reducing litigation costs, and avoiding duplicative effort.

The court also concludes—as it must to transfer this case—that the Western District of Missouri would have personal jurisdiction over all defendants. *See Chrysler Credit Corp.*, 928 F.2d at 1515 (explaining that "§ 1404(a) does not allow a court to transfer a suit to a district

which lacks personal jurisdiction over the defendants, even if they consent to suit there"). While Brauner is a resident and citizen of Kansas, his alleged acts causing M.O.'s injury in the underlying tort claim occurred, at least in part, in Missouri. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) ("Missouri's long-arm statute authorizes personal jurisdiction over defendants who . . . commit a tort within the state." (citing Mo. Rev. Stat. § 506.500.1)). And, M.O. is a resident and citizen of Missouri, subject to personal jurisdiction in that state. *See State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 52 (Mo. 2017) (en banc) ("Missouri permits service on resident defendants[.]"). So, the Western District of Missouri would have personal jurisdiction over both defendants.[2]

The court thus concludes that transfer of venue to the United States District Court for the Western District of Missouri is appropriate under 28 U.S.C. § 1404(a). Transfer will allow a more convenient and efficient resolution of the case's merits.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Unopposed Motion to Transfer (Doc. 91) is granted.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk is directed to take all appropriate steps necessary to transfer this action to the United States District Court for the Western District of Missouri.

---

[2] Like this court, the Western District of Missouri also would have subject-matter jurisdiction over this suit under 28 U.S.C. § 1332. The parties are diverse: GEICO is incorporated in Nebraska and has its principal place of business in Maryland; Brauner is a resident and citizen of Kansas; and M.O. is a resident and citizen of Missouri. *See* Doc. 91-1 at 12 (Proposed Third Am. Compl. ¶¶ 8–10). And, the amount in controversy exceeds $75,000. *See id.* (Proposed Third Am. Compl. ¶ 11).

**IT IS SO ORDERED.**

**Dated this 9th day of February, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
